UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARTHUR MAYO,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>JOSEPH WILLIAMS et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:16-cv-00047-APG-VCF<br><br>**ORDER** |

**I.    DISCUSSION**

On February 26, 2015, Plaintiff, a *pro se* prisoner, filed a lawsuit in state court and did not seek recovery under 42 U.S.C. § 1983. (Dkt. #1 at 1-2). On January 6, 2016, Plaintiff filed an amended complaint in state court seeking "recovery for alleged violations of Plaintiff's federal civil rights." (*Id.* at 2). On January 11, 2016, Defendants filed a petition for removal. (*Id.*).

In their petition for removal, Defendants explain that they had filed a motion to dismiss in state court based on Plaintiff's failure to exhaust his administrative remedies. (*Id.*). The fully briefed motion to dismiss had been scheduled for a hearing in state court prior to removal. (*Id.*) Defendants have attached the fully briefed motion to dismiss to the petition for removal. (Dkt. #1-4).

On January 28, 2016, the parties filed a joint status report. (Dkt. #6 at 1). Pursuant to the joint status report, the parties are awaiting a screening order from the Court. (*Id.*). Defendants request that the Court screen Plaintiff's amended civil rights complaint. (*Id.*). However, Defendants also state that "[s]hould this Court not dismiss

the Amended Complaint after screening . . . Defendants respectfully request that this Court rule on Defendants' Pending Motion that this case be dismissed due to Plaintiff's failure to exhaust his administrative remedies." (*Id.*). Defendants re-attach the fully briefed pending motion to dismiss. (Dkt. #6-1).

The Court ordinarily screens a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a). Both 28 U.S.C. § 1915A(a) and the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, mandate early judicial screening of prisoner complaints. *Jones v. Bock*, 549 U.S. 199, 213-14 (2007) (district courts must screen a prisoner's complaint "before any responsive pleading is filed"). When defendants file an answer or responsive pleading, such as a motion to dismiss, the need for screening is obviated. *See, e.g.*, *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (noting that the "purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding"); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (explaining that the PLRA's screening provision was intended "to conserve judicial resources by authorizing district courts to dismiss nonmeritorious prisoner complaints at an early stage").

In this case, a screening order is not necessary. Defendants have responded to Plaintiff's complaints by filing a motion to dismiss based on exhaustion. (Dkt. #6-1 at 2-14). The motion to dismiss has been fully briefed by both parties.[1] As such, the Court will not screen the amended complaint and this case shall proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure.

**II.   CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Court will not issue a screening order in this case.

**IT IS FURTHER ORDERED** that the Court shall issue an order on the motion to dismiss in a separate order in the future.

---

[1] Defendants' motion to dismiss is located at Dkt. #6-1 at 2-14. Plaintiff's response is located at Dkt. #6-1 at 15-36. Defendants' reply is located at Dkt. #6-1 at 38-42.

**IT IS FURTHER ORDERED** that this case shall proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure.

Dated:  February 1, 2016.

_____
UNITED STATES DISTRICT JUDGE