**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ARTHUR MAYO, | Case No. 2:16-CV-00047-APG-VCF |
| Plaintiff, | |
| v. | **ORDER (1) DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND (2) GRANTING MOTIONS TO STRIKE** |
| JOSEPH WILLIAMS, *et al.*, | |
| Defendants. | |
| | (Dkt. #14, #15, #18, #19, #20, #21, #22) |

Plaintiff Arthur Mayo, a prisoner at Southern Desert Correctional Center ("SDCC"), has filed several "notifications" and motions for injunctive relief. Mayo contends that on February 21, 2016, SDCC staff took all of his personal property from his cell, including his legal work and related documents, in retaliation for filing this lawsuit. (Dkt. #14, #19, #20.) He therefore requests that I order the Nevada Department of Corrections to return his property and legal work. He also requests that I enjoin them from further retaliatory actions. Defendants Joseph Williams, the State of Nevada, and the Nevada Department of Corrections move to strike Mayo's "notifications," arguing that there is no such filing allowed under the Federal Rules of Civil Procedure. They also argue that to the extent Mayo's notifications could be construed as motions to amend the complaint, he did not attach the proposed amended complaint as required and he could not have exhausted his administrative remedies in relation to the February 21st incident.

Preliminary injunctive relief is appropriate where "the intermediate relief [is] of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). But a court cannot issue an injunction that "deals with a matter lying wholly outside the issues in the suit." *Id.*

Mayo's requested relief is wholly outside the issues in this lawsuit. Mayo's amended complaint alleges that in August 2015, Williams used racial slurs and refused to give Mayo items from the commissary that Mayo had purchased. (Dkt. #1-2.) His request for injunctive relief

arises out of a separate incident on February 21, 2016.  Because his requested injunctive relief relates to matters wholly outside this lawsuit, I must deny his motions for injunctive relief in this lawsuit.

Additionally, to the extent Mayo's documents could be interpreted as a motion to amend the complaint to add the February 21, 2016 incident, he has not attached a proposed amended complaint as required by Local Rule 15-1(a).  Additionally, it seems unlikely that Mayo could have exhausted his administrative remedies for an incident that occurred only a few weeks ago.  Therefore, to the extent I construe these documents as a motion to amend, that motion is denied.

IT IS THEREFORE ORDERED that defendants' motion to strike **(Dkt. #15) is GRANTED** and I will not grant Mayo any relief based on Mayo's "notification" (Dkt. #14).  However, I will not strike the document to preserve the record for appeal.

IT IS FURTHER ORDERED that plaintiff Arthur Mayo's motion for injunctive relief **(Dkt. #19)**, motion for a temporary restraining order **(Dkt. #20)**, and motion for preliminary injunction **(Dkt. #21)** are DENIED.

IT IS FURTHER ORDERED that defendants' motion to strike **(Dkt. #22) is GRANTED** and I will not grant Mayo any relief based on Mayo's "notification" (Dkt. #18).  However, I will not strike the document to preserve the record for appeal.

DATED this 9th day of March, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE