# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ARTHUR MAYO,

    Plaintiff,

v.

JOSEPH WILLIAMS, *et al.*,

    Defendants.

Case No. 2:16-CV-00047-APG-VCF

**ORDER (1) DENYING MOTIONS FOR RECONSIDERATION AND (2) DENYING MOTION TO DISMISS**

(ECF Nos. 1-4, 25, 29, 30)

Plaintiff Arthur Mayo, a prisoner at Southern Desert Correctional Center, filed two motions for reconsideration of my prior order in which I granted a motion to strike and denied Mayo's motions for injunctive relief. ECF No. 25. Mayo's first motion provides no substantive reasons why I should reconsider my prior order. This motion for reconsideration is therefore denied.

Mayo's second motion to reconsider asserts he has shown entitlement to injunctive relief. ECF Nos. 29, 30. Mayo also contends that I ruled on the motion to strike without allowing him the opportunity to file a reply. *Id.* I deny this motion for the same reasons set forth in my prior order. ECF No. 23.

Finally, the defendants move to dismiss, arguing that Mayo failed to exhaust his administrative remedies. ECF No. 1-4 at 2-15. Mayo responds that he exhausted his administrative remedies when he was told no further grievances related to the incident would be accepted. ECF No. 1-4 at 16-38; *see also* ECF No. 9. The parties filed supplements to their motion papers. ECF Nos. 8, 9, 11, 16, 17, 27, 31, 33.

The PLRA exhaustion provision, 42 U.S.C. § 1997e(a), states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Before filing suit, a prisoner must properly exhaust all available administrative remedies by complying with the prison grievance process's "deadlines and other critical procedural rules . . . ." *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010) (quotation omitted); *see also Jones v. Bock*, 549 U.S. 199, 217-18 (2007).

Failure to exhaust under the PLRA is an affirmative defense. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). The defendants therefore bear the burden of establishing the plaintiff did not properly exhaust. *Id.* To meet this burden, the defendants must show (1) "there was an available administrative remedy" and (2) the plaintiff "did not exhaust that available remedy." *Id.* at 1172. The plaintiff has not exhausted if "pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005).

If the defendants make this showing, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. Administrative remedies are effectively unavailable "when a prisoner reasonably fears retaliation for filing a grievance." *McBride v. Lopez*, 807 F.3d 982, 986 (9th Cir. 2015). Additionally, remedies are unavailable where the inmate is "reliably informed by an administrator that no remedies are available." *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (quotation omitted).

Finally, exhaustion is excused where "prison officials screen out an inmate's appeals for improper reasons." *Sapp*, 623 F.3d at 823. To fall within this exception to exhaustion, the "prisoner must show that he attempted to exhaust his administrative remedies but was thwarted by improper screening." *Id.* "In particular, the inmate must establish (1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials

screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." *Id.* at 823-24.

Exhaustion under § 1997e(a) is mandatory. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). The prisoner "must have entirely exhausted administrative remedies" before he "submits [his complaint] to the court." *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). If he does not, the district court must dismiss his suit without prejudice, "even if the plaintiff exhausts his administrative remedies while the litigation is pending." *Id.* at 1050-51 (quotation omitted); *see also Sapp*, 623 F.3d at 828 (affirming district court's dismissal without prejudice for failure to exhaust). Further, the exhaustion must be "proper." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "To 'proper[ly]' exhaust, a prisoner must comply 'with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.'" *Sapp*, 623 F.3d at 821 (quoting *Woodford* at 90-91).

The Nevada Department of Corrections' grievance procedure is set forth in Administrative Regulation 740. ECF No. 32-5. The procedure involves three levels: an informal grievance, a first level grievance, and a second level grievance. *Id.* at 5-10.

The incident leading to Mayo's civil rights complaint occurred on August 20, 2014.[1] ECF No. 1-2 at 4, 10-11. Mayo filed an informal grievance on August 29, 2014.[2] ECF No. 16-2 at 7. Mayo stated that a person working at the store was verbally abusive and "snatched the store receipt" from his hand before he had a chance to sign it. *Id.* at 7-8. Mayo also indicated he believed the store employee is "racist and harbors ill-will towards blacks." *Id.* at 8.

---

[1] Although the complaint states the incident occurred in August 2015, Mayo filed the original complaint on February 26, 2015 and he attaches to his complaint an informal grievance dated 2014. ECF Nos. 1-2 at 14; 1-5 at 12.

[2] Mayo also filed a first level grievance on the same date. That was denied because the regulations do not permit filing a first level grievance at the same time as an informal grievance. ECF Nos. 16-2 at 12; 32-5 at 4, 8-9. This first level grievance was properly denied and Mayo did not appeal the denial to the second level. He therefore did not properly exhaust this first level grievance.

1    The informal grievance was rejected by Frank Dreesen, Associate Warden and Grievance
2 Coordinator, because the grievance was "insufficient to properly investigate." *Id.* at 9.  He based
3 this rejection on AR 740.05(5)(A), which requires the inmate to submit "[a]ll documentation and
4 factual allegations available to the inmate." *Id.* at 5; ECF No. 32-5 at 7.  Dreesen directed Mayo
5 to "resubmit citing specific date(s), time(s) and name(s) of staff you[] are grieving."ECF No. 16-2
6 at 9.  Additionally, the grievance form states: "You may re-submit your grievance (at the Informal
7 Level) after correcting the above deficiencies.  Failure to re-submit the grievance within the
8 prescribed timeframe shall constitute abandonment." *Id.*

9    The level of detail a grievance must include for proper exhaustion is governed by the
10 prison's grievance procedure. *Jones*, 549 U.S. at 218.  AR 740.05(4)(A) does not specify "the
11 level of detail an inmate's factual allegations must contain." *Meeks v. Burson*, No. 3:12-CV-
12 00322-MMD, 2014 WL 4666743, at *7 (D. Nev. Sept. 17, 2014).  For example, it does not state
13 that the inmate must identify the date and time of the incident or the names of the individuals
14 involved.  "Where, as here, a prison's grievance procedures are silent or incomplete as to factual
15 specificity, a grievance suffices if it alerts the prison to the nature of the wrong for which redress
16 is sought." *Id.* (quotation omitted).  Thus, an inmate "need not identify responsible parties or . . .
17 signal who ultimately may be sued, . . . list every fact necessary to prove each element of an
18 eventual legal claim; or include legal terminology or legal theories unless they are in some way
19 needed to provide notice of the harm being grieved." *Id.* (quotations and internal citation
20 omitted).

21    This informal grievance was improperly denied for lack of factual detail because the
22 regulation does not require the level of specificity Dreesen imposed.  Mayo identified the nature
23 of the wrong for which he sought redress.  A store employee was verbally abusive, snatched a
24 receipt away from him before he had time to sign it, and Mayo believed the conduct was based on
25 the employee being biased against blacks.  No more specificity was required to adequately
26 exhaust.

27
28

1    Mayo did not appeal the rejection of his first informal grievance.  Instead, it appears he
2  followed the directions on the form to re-submit his informal grievance by correcting the
3  identified deficiencies.  On September 28, 2014, Mayo submitted a second informal grievance in
4  which he identified defendant Joseph Williams and the date of the incident. ECF No. 16-2 at 13.
5  This grievance was denied because Mayo did not submit the previous grievances and responses
6  along with this grievance. *Id.* at 14.  The form stated Mayo "may re-submit the grievance (at the
7  Informal Level) after correcting the above deficiencies.  Failure to re-submit the grievance within
8  the prescribed timeframe shall constitute abandonment." *Id.*

9    This grievance was not properly rejected because AR 740.05(5)(A) does not specify that
10 the inmate must attach copies of a previously rejected informal grievance. *See Vela v. Cox*, No.
11 3:13-CV-00227-RCJ-VPC, 2014 WL 2921828, at *6 (D. Nev. June 26, 2014) ("[N]owhere in AR
12 740 is it specified that the inmate must submit his previous level grievance at the next level of
13 review."); *Thurmond v. Cool*, No. 3:11-CV-00100-ECR-VPC, 2012 WL 601251, at *6-7 (D. Nev.
14 Jan. 9, 2012), *report and recommendation adopted*, No. 3:11-CV-00100-ECR-VPC, 2012 WL
15 590021 (D. Nev. Feb. 21, 2012) (recommending a finding that the plaintiff properly exhausted
16 where one grievance was rejected for not attaching prior grievances and responses because
17 despite the plaintiff's diligent attempts to exhaust, "prison officials requested additional
18 unnecessary documents, denied grievances, and frustrated plaintiff's attempts to exhaust his
19 administrative remedies").

20   In his declaration, Dreesen states he rejected this grievance as untimely, but that reason
21 was not given in the denial form given to Mayo. ECF No. 16-2 at 5, 14; *see also* ECF No. 32-5
22 (AR 740.05(3) (requiring that responses to grievances "should be substantial, referencing all
23 policies, procedures, rationale, and/or circumstances in finding for or against the inmate")).
24 Additionally, the regulations are not entirely clear about the timeframe for re-submitting a
25 corrected grievance as directed by the form. *See Vela*, 2014 WL 2921828, at *6.

26   Mayo did not appeal this decision.  Instead, he again filed an informal grievance on
27 October 13, 2014. ECF No. 16-2 at 16.  That grievance was rejected because Mayo "failed to
28

correct the deficiencies noted in the THREE previous 3098 Memorandums (sic) [Mayo] received." *Id.* at 17.  Dreesen advised Mayo: "This is the fourth reject. You have exhausted the grievance process on this issue. This grievance is moot and no further response will be forthcoming." *Id.*  This grievance was not properly rejected because Mayo attempted to correct the alleged deficiency related to insufficient factual allegations and because the prior rejections were improper. Although Mayo did not appeal, he was advised by Dreeson that he had exhausted the administrative process and no further response would be given.

In sum, the defendants have not met their burden of showing Mayo did not properly exhaust and Mayo has presented evidence that the remedies were not "available" because his efforts to exhaust were thwarted through improper rejections and by an administrator advising him that he had fully exhausted his claim. I therefore deny the defendants' motion to dismiss for failure to exhaust administrative remedies.

IT IS THEREFORE ORDERED that plaintiff Arthur Mayo's motions for reconsideration **(ECF Nos. 25, 29, 30) are DENIED**.

IT IS FURTHER ORDERED that the defendants' motion to dismiss **(ECF No. 1-4) is DENIED**.

DATED this 6th day of October, 2016.

ANDREW P. GORDON  
UNITED STATES DISTRICT JUDGE