1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

ARTHUR D. MAYO,

                 Plaintiffs,

vs.

WILLIAMS, *et al.*,

                 Defendants.

2:16-CV-00047-APG-VCF
**REPORT AND RECOMMENDATION**

  Before the court is *Arthur D. Mayo v. Williams, et al.*, case number 2:16-cv-00047-APG-VCF. Plaintiff failed to file an updated address notification with the Court. (ECF NO. 91).

    Under Local Rule of Practice IA 3-1, a "*pro se* party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number."

    Mayo was ordered to file with the court a response, by August 28, 2019, showing cause as to why he should not be sanctioned for failing to comply with LR IA 3-1 and to appear at the show cause hearing on September 4, 2019. *Id.* Mayo failed to file his response to the order to show cause.

    The court held a show cause hearing on September 4, 2019 and Mayo failed to appear. (ECF Nos. 91, 92). At the hearing, Defense counsel stated that Mayo might be incarcerated.

    The Court has clear authority to dismiss the case for failure to cooperate in the progress of the litigation. "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of the Defendant." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). To be sure, "[all litigants, including *pro ses*, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)(per curiam). Thus, when they flout the

obligation to comply with court orders they, like all litigants, must suffer the consequences of their non-compliance. *See McDonald v. Miegel*, 850 F.2d 121, 124 (2d Cir. 1988). Further, the Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. *See National Hockey League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

Here, Mayo has not complied with the Court's order and has not provided timely notice of change of address.  (ECF No. 91).  The court finds that Mayo's failures justify a recommendation that this case should be dismissed with prejudice pursuant to Rule 41.

Accordingly,

IT IS RECOMMENDED, that Plaintiff Mayo's Complaint be dismissed with prejudice for failure to obey the court's order and failure to prosecute this case.  Judgment should be entered on all Plaintiff Mayo's claims in favor of Defendants.

The Clerk of Court is directed to mail a copy of this order to the following address:

Arthur Mayo
3150 S. Nellis #1023
Las Vegas, Nevada 89121

IT IS HEREBY ORDERED that the Attorney General's forward a copy of this order to Plaintiff Mayo, if he is currently at a facility with the Nevada Bureau of Prisons.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge.  Objections must be in writing and filed with the Clerk of the Court within fourteen days.  LR IB 3-1, 3-2.  The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 5th of September, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE